UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph L. Paul,<br>　　　　*Plaintiff*,<br><br>　　　　*v.*<br><br>Bank of America,<br>　　　　*Defendant.* | Civil No. 3:08cv1066 (JBA)<br><br><br><br>July 2, 2009 |

ORDER

In this employment-discrimination case, Defendant Bank of America has moved to dismiss the action based on Plaintiff Joseph L. Paul's failure to prosecute. The basis for Defendant's motion is captured by the following summary of the procedural history of this matter.[1]

On January 13, 2009, the Court entered a scheduling order setting a status conference down for February 10, to be conducted by telephone. Siobhan Sweeney, counsel for the Defendant, made the arrangements for the conference call, and on February 6 her legal assistant relayed those details to Joseph Moniz, counsel for the Plaintiff. Moniz did not participate in the February 10 telephonic conference, however, and so the Court set a discovery schedule in his absence. Sweeney then served Plaintiff with discovery requests on February 12 (with the responses due March 16) and noticed the Plaintiff's deposition for April 16. Based on this Court's referral, the parties were also scheduled to meet with Magistrate Judge Joan Glazer Margolis on April 28 for a settlement conference.

---

[1] The Court's factual summary of the procedural history of this case draws upon the public docket entries, the declaration submitted by Defendant's counsel Siobhan M. Sweeney, the opposition memorandum submitted by Plaintiff, and the representations by Sweeney during a status conference held on June 30, 2009.

Moniz did not respond to the discovery requests, however.  On April 1, Sweeney wrote to Moniz about these discovery matters, reminding him about the outstanding discovery requests.  In her letter, Sweeney also reminded Moniz of the upcoming discovery deadlines including the April 14 status conference with the Court.  Sweeney did not receive a response, and so she sent a second letter to Moniz on April 8 in which she enclosed a copy of the Defendant's status report filed in advance of the status conference.  But, on April 14, Moniz again failed to attend.  The following day, the Court ordered Plaintiff to respond to the discovery requests by May 15 "or risk sanction, including dismissal, for failure to prosecute or to comply with Court orders."

On May 4, Sweeney reached Moniz on his cell phone.  During their conversation, Moniz assured Sweeney that the outstanding discovery responses would be sent "right away," and he further asked to have the requests re-sent via e-mail.  Sweeney and her paralegal attempted to e-mail Moniz the discovery requests, but one of the addresses Moniz provided was invalid, and the messages sent to the address on file with the Court's CM/ECF system were not acknowledged.  Two weeks later, Sweeney, having received no response from Moniz, filed the motion to dismiss now before the Court.

On June 15, Moniz electronically filed a motion for enlargement of time to respond to the motion to dismiss and attached his memorandum of law opposing dismissal.  In his submission, Moniz described his recent office relocation, his serious medical complications, and "a host of other personal and professional activities too numerous to mention." According to his account, Moniz was hospitalized on an emergency basis in Maryland in February 2009 to be treated for deep-vein thrombosis in his leg.  He was discharged in early March and advised by doctors to "take it easy."  Later in March, Moniz was forced to vacate

his legal office on short notice after the landlord served a notice of eviction.  Moniz then moved his work computer and struggled to set up an e-mail account accessible from his temporary home office.  Moniz represents that he did not receive the e-mail messages Sweeney sent during early May and that the first e-mail notification he received was the pending motion to dismiss.

Both parties then submitted status reports on June 23 in advance of the routine status conference scheduled for June 30.  In its report, the Defendant noted that the discovery requests were still outstanding and that Plaintiff additionally had not served the damages analysis and experts that were due May 1.  Plaintiff's status report represented that counsel "intend[ed]" to respond to the discovery requests and serve his damages analysis by June 29, and stated that he would serve his expert report by August 1.  On June 30, Moniz yet again did not appear for the status conference as ordered by the Court.

To date, all discovery requests remain outstanding, and it appears that Moniz has disregarded—his medical and personal explanations notwithstanding—the schedule ordered in the case in nearly every respect.  During the June 30 status conference, Sweeney mentioned that the Plaintiff himself—that is, Mr. Paul, not Moniz—at some point delivered documents in partial response to the outstanding discovery requests.  This disregard for counsel's obligations to the Court warrants sanctions.  Moniz's absence from a third consecutive status conference, particularly while a motion to dismiss for failure to prosecute is pending, is inexcusable.  Moreover, in light of the public records of disciplinary proceedings brought against Moniz by the Connecticut State Bar, the Court further notes that the proffered office problems detailed here are similar to excuses given in numerous other grievances. *See, e.g.*, *Williams v. Moniz*, Grievance Compl. # 07-0424 (Jan. 18, 2008).

3

But because the Court does not want to penalize Mr. Paul for his attorney's inattention, the Court hereby orders the following: Plaintiff's deposition will be held on July 21, 2009, at 10:00 a.m., in the Hartford office of Sweeney's firm, Edwards Angell Palmer & Dodge, located at 20 Church Street.  Due to Moniz's willful failure to supply discovery responses, discovery is otherwise deemed closed as of July 1.  Counsel for the Defendant is directed to send a copy of this order as well as the deposition notice to Mr. Paul as well as to his attorney.  A final scheduling order will accompany this order.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2d day of July, 2009.

4