UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joseph L. Paul,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Bank of America,<br>    *Defendant.* | Civil No. 3:08cv1066 (JBA)<br><br><br><br>November 4, 2010 |

RULING ON MOTION FOR RECONSIDERATION

Plaintiff Joseph Paul sued Defendant Bank of America under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-58, 46a-60(a)(1) and for fraudulent misrepresentation and breach of a covenant of good faith and fair dealing. Defendant moved for summary judgment, which the Court granted, on January 29, 2010. On March 1, 2010, Plaintiff moved for reconsideration. For the following reasons, the Court will deny Plaintiff's motion.[1]

The standard for a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478), and reconsideration should be granted only if "the moving

---

[1] Plaintiff's motion was filed untimely, 28 days after judgment entered and 30 days after the Court issued its ruling. Local Rule 7(c)1 requires that "Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought." However, even if the motion had been timely filed, it would still be denied on its merits for the reasons discussed above.

party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257.

Plaintiff claims no new evidence or change in controlling law; rather, Paul claims the Court must correct clear error. He provides two grounds for reconsideration: (1) that the Court ignored his claim that his promotion was in fact the adverse employment action taken against him and instead focused on his termination; and (2) that he raised a factual question regarding retaliation by Defendant that a reasonable jury could conclude violated Title VII.

Regarding Paul's first claim, the Court considered and rejected his argument that promotion was an adverse employment action: "Mr. Paul's promotion to Client Manager, even if made with a race conscious motivation, was not an employment action 'adverse' to Plaintiff, for whom it was a career advancement and salary increase." (Rul. [Doc. # 64] at 14.) Paul now argues that his claim that his race–based promotion "presented a new form of discrimination," however, discrimination absent an adverse action is not recognized under Title VII, and as the Court explained, career advancement and an increased salary are not adverse. *See Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) ("A plaintiff sustains an adverse employment action if he or she endures a materially *adverse* change in the terms and conditions of employment.") (emphasis added). Therefore, the Court's determination that Paul's promotion did not constitute discrimination under Title VII was not clear error.

Paul next argues that he established the existence of a dispute as to material fact on his retaliation claims by showing that Defendant placed him on a "corrective action plan" leading to his termination less than three weeks after receiving a letter from his attorney

complaining about what Paul perceived to be discriminatory treatment. The Court addressed this same argument in its earlier ruling, finding it unpersuasive. Although the temporal proximity between the letter from Paul's lawyer and his being placed on corrective action may support his *prima facie* case of retaliation, it alone does not demonstrate pretext, because Paul was already subject to continuing discipline, and placement on a corrective action plan was the next step. As the Court noted, "[w]ell in advance of the March 2007 . . . letter [from Paul's attorney], Mr. Paul had been told repeatedly by Scopelianos that he was underperforming, and he was not given a 2006 year–end bonus because of his failure to generate business," and he was offered a choice on February 22, 2007, before Defendant received his lawyer's letter, between either conducting an internal Bank of America job search or submitting to a formal corrective action plan, a choice he declined to make, resulting in Defendant placing him on corrective action. (Rul. at 19.) "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not rise." *Slattery v. Swiss Reins. Am. Corp.*, 248 F. 3d 87, 95 (2d Cir. 2001). Because Paul provided no evidence aside from timing to undermine Defendant's legitimate, non–pretextual basis for placing him on corrective action, the Court's grant of summary judgment for Defendant on Plaintiff's retaliation claim was not clear error.

Accordingly, Plaintiff's [Doc. # 66] Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of November, 2010.